UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA ROSMAN et al., | No. 2:23-cv-2584-DJC-SCR |
| Plaintiffs, | |
| v. | ORDER RE: MOTION FOR SUMMARY JUDGMENT |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

Plaintiffs proceed pro se in this wrongful death action. Currently before the Court is Defendant's motion to dismiss or, in the alternative, motion for summary judgment. ECF No. 20. The Court heard the matter on July 31, 2025. Given that Plaintiffs are participating in this case, at this point, a motion to dismiss under Rule 41(b) is not the most appropriate way to address the lack of progress that has been made towards a resolution on the merits. Accordingly, the Court here addresses only the motion for summary judgment, but reserves the possibility of ruling on the motion to dismiss in the future.

Summary judgment is appropriate when there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The nonmoving party must produce a factual predicate from which a reasonable

1

inference of a genuine dispute may be drawn.  *See Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898, 902 (9th Cir. 1987).  If the nonmoving party cannot present such predicate, the court may defer consideration of the motion, allow time to take discovery, or issue other orders as appropriate.  Fed. R. Civ. P. 56(d).

Plaintiff Pamela Rosman's father, Sidney Rosman, died in July 2019 at age 92, after two visits to the Sacramento VA Medical Center ("SVAMC") earlier that week.  ECF No. 1 at ¶¶ 1, 4, 14-15.  The Complaint alleges that SVAMC doctors ignored abnormal test results during both visits.  ECF No. 1 at ¶¶ 14-15.  They then ignored Plaintiff Rosman's efforts to have Mr. Rosman further evaluated in the twelve hours between his last visit and his death.  ECF No. 1 at ¶¶ 16-17, 19.

Plaintiff Rosman does not dispute that a medical expert is necessary to determine both the standard of care the SVAMC owed to Mr. Rosman and any causation between failure to meet such standards and his death.[1]  She asserts that medical experts will not work with a pro se plaintiff, and that she has diligently attempted to secure substitute counsel since her previous attorney's withdrawal from this matter.  ECF No. 23-2 at 3.  She argues that summary judgment would preclude her from recovery despite this being, in her estimation, a relatively young case.  She further asserted that the search for substitute counsel has been frustrated by most law firms requesting at least four months to review relevant records before deciding whether to represent her.  *See* ECF No. 18 at 1.

Prior counsel's motion to withdraw was filed nearly ten months ago and was granted over seven months ago.  *See* ECF Nos. 12 and 15.  While the Court sympathizes with the challenges Plaintiff Rosman faces, it must balance any prejudice she would face upon dismissal against both the need for judicial efficiency and the prejudice Defendant faces due to possible degradation of evidence.  Pursuant to Rule 56(d), the Court will accordingly grant Plaintiffs an additional 60

---

[1] "The first element, standard of care, is the key issue in a [medical] malpractice action and can only be proved by expert testimony, unless the circumstances are such that the required conduct is within the layperson's common knowledge.  Proving the third element, causation, also requires competent expert testimony." *San Antonio Regional Hospital v. Superior Court*, 102 Cal.App.5th 346 (2024) (quotations omitted).

days from the date of this order to retain an expert who is willing to opine on the standard of care and causation in support of Plaintiffs' medical malpractice claim. If Plaintiff files a notice identifying such an expert, the Court will issue a scheduling order concerning expert discovery—including the deposition of that expert—and further proceedings in this case. Plaintiffs' failure to identify an expert will lead to a recommendation that Defendant's motion for summary judgment be granted.

Accordingly, it is ORDERED that:

1. Plaintiffs are granted 60 days from the date of this order to obtain an expert who is willing to opine on the standard of care and causation in support of Plaintiffs' medical malpractice claim; and

2. Should Plaintiffs obtain such an expert, Plaintiffs shall file a notice identifying that expert.

Should Plaintiffs fail to provide such notice within 60 days of this order, the undersigned will recommend that the district judge presiding over this matter grant Defendant's motion for summary judgment and/or motion to dismiss.

**SO ORDERED.**

**Date**: August 4, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE