1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    PAMELA ROSMAN, et al.,                No.  2:23-cv-02584-DJC-SCR

12            Plaintiffs,

13        v.                                FINDINGS AND RECOMMENDATIONS

14    UNITED STATES OF AMERICA,

15            Defendant.

16

17        Plaintiffs are proceeding pro se in this wrongful death action.  Currently before the Court

18    is Defendant's motion to dismiss or, in the alternative, for summary judgment.  ECF No. 20.  The

19    crux of Defendant's motion for summary judgment is that Plaintiffs do not have a medical expert

20    to testify in support of their wrongful death claims.  The Court heard the motion on July 31, 2025.

21    ECF No. 27.  Following that hearing, on August 5, 2025, the Court granted Plaintiffs 60 days to

22    "obtain an expert who is willing to opine on the standard of care and causation in support of

23    Plaintiffs' medical malpractice claim" and file a notice identifying such expert.  ECF No. 28 at 3.

24    Plaintiffs were informed that failure to retain an expert would prompt a recommendation that

25    Defendant's motion for summary judgment be granted.  *Id.*  After granting Plaintiffs yet a further

26    extension, Plaintiffs have not indicated that they have retained an expert.  In this posture,

27    Plaintiffs cannot prove their medical malpractice claim, and summary judgment in favor of

28    Defendant is warranted.

                                        1

1          **I.    Background**

2          Plaintiff Pamela Rosman's father, Sidney Rosman, died in July 2019 at age 92, after two

3    visits to the Sacramento VA Medical Center ("SVAMC") earlier that week.  ECF No. 1 at ¶¶ 1, 4,

4    14-15.  The Complaint alleges that SVAMC doctors ignored abnormal test results during both

5    visits.  ECF No. 1 at ¶¶ 14-15.  They then ignored Plaintiff Rosman's efforts to have Mr. Rosman

6    evaluated in the twelve hours between his last visit and his death.  ECF No. 1 at ¶¶ 16-17, 19.

7          When Plaintiffs filed this case, they were represented by counsel.  In the early stages of

8    the case, Plaintiffs' counsel represented that he "has retained a Board-Certified Cardiologist who

9    is evaluating the propriety of the treatment and care provided to Mr. Rosman.  He will also

10   address the issue of causation."  ECF No. 7 at 4:23-27.  Plaintiffs' counsel also represented that,

11   "[a]t a minimum, Plaintiffs' counsel needs to depose Dr. Saul Schaefer, Mr. Rosman's former

12   cardiologist at the Sacramento VA, to fully address the liability issues in this case."  *Id*.  The

13   Court set November 1, 2024, as the close of fact discovery and staggered expert disclosures

14   (February 3, 2025, for the Plaintiffs and April 15, 2025, for the United States).  ECF No. 10 at

15   3:1-7.

16         Defendant propounded written discovery, including contention interrogatories that, among

17   other things, asked Plaintiff Rosman to state all facts to support her contention that the United

18   States or any of its employees failed to evaluate, interpret, and provide her father with care that

19   was necessary and required by the applicable standard of care.  ECF No. 20-3 (Lodge Decl. at ¶

20   3).  Plaintiff Rosman refused to answer on the grounds that the response "requires a premature

21   disclosure of expert witness information."  *Id*.  Defendant disagreed and attempted to meet and

22   confer, but was unsuccessful in obtaining substantive responses.  *Id*.  Defendant noticed Plaintiff

23   Rosman's deposition for Monday, October 22, 2024.  *Id*.

24         On Friday, October 18, 2024, on the eve of the deposition, Plaintiff's counsel filed a

25   motion to withdraw on the grounds there was no basis for pursuing the case, stating:

26         Mr. Bertling believes continued representation of plaintiff will result in a violation of
           California Rule of Professional Conduct Rule 3.1.  Rule 3.1 states "(a) A lawyer shall not:
27         (1) bring or continue an action, conduct a defense, assert a position in litigation, or take an
           appeal, without probable cause and for the purpose of harassing or maliciously injuring
28         any person; or (2) present a claim or defense in litigation that is not warranted under

                                                    2

existing law, unless it can be supported by a good faith argument for an extension, modification, or reversal of the existing law.

ECF No. 12-1 at 2:18-24.  Plaintiff refused to appear for her deposition, citing the withdrawal of counsel.  ECF No. 20-1 (Lodge Decl. at ¶ 5).  Plaintiff never responded to the contention interrogatories.  *Id.*  Nor has Plaintiff initiated any discovery.  *Id.*

On December 23, 2024, the Court authorized Plaintiff's counsel to withdraw. ECF No. 15. Plaintiff was ordered to explain how she intended to proceed.  *Id.*  On January 10, 2025, Plaintiff advised the Court that she is actively seeking substitute counsel (with the assistance of an attorney, Katie Yablonka) and requested a three-month extension of time to secure new counsel. ECF No. 16.  The Court gave her time to find replacement counsel and stayed the discovery deadlines for 45 days.  ECF No. 17.  On March 13, 2025, when Plaintiff failed to obtain substitute counsel by the Court's continued deadline, the Court denied Plaintiff's request for a further extension of time.  ECF No. 19.  The Court also vacated all deadlines and referred further proceedings to a magistrate judge.  *Id.*

On May 20, 2025, Defendant filed a motion to dismiss pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, arguing that Plaintiff had failed to prosecute the action.  In the alternative, Defendant moved for summary judgment under Rule 56, arguing that Plaintiff has no expert to prove that the SVAMC violated the standard of care.  Plaintiff Rosman opposed the motion, explaining that she was working diligently to obtain a medical expert or new counsel, but that an expert would not work with an unrepresented plaintiff.  ECF No. 23.

The Court heard the motions on July 31, 2025.  ECF No. 27.  Following that hearing, on August 5, 2025, and based on Plaintiff Rosman's request for additional time to secure counsel or an expert, the Court granted Plaintiffs 60 days to "obtain an expert who is willing to opine on the standard of care and causation in support of Plaintiffs' medical malpractice claim" and file a notice identifying such expert.  ECF No. 28 at 3.  Plaintiffs were informed that failure to retain an expert would prompt the undersigned to recommend that Defendant's motion for summary judgment be granted.  *Id.*

On October 6, 2025, Plaintiffs requested a further extension of time—of no specified

3

1    duration—to seek to obtain counsel and an expert.  ECF No. 29.  Plaintiff Rosman indicated she

2    "may be able to have an attorney file an appearance within the next few weeks."  *Id*.  In a minute

3    order, the Court granted Plaintiffs an extension until October 25, 2025.  ECF No. 30.  As the

4    Court noted, if by that date "Plaintiffs have not identified an expert … or if counsel has not

5    entered an appearance and shown good cause for a further extension of time, the Court will

6    recommend that this action be dismissed."  *Id*.

7            Plaintiff then sought an additional 60-day extension of time in a request filed on October

8    24, 2025, noting that a specific attorney in Sacramento was in the process of reviewing the case.

9    ECF No. 31.  In a minute order dated October 28, 2025, the Court denied that request, noting that

10   "Plaintiffs' prior counsel moved to withdraw over a year ago, and Plaintiffs have accordingly

11   been on notice of the need to obtain new counsel or prosecute this case [on a] pro se basis for

12   over a year."  ECF No. 32.  Given the many prior extensions of time the Court had already

13   granted Plaintiff, the Court found that, "the fact that one or more attorneys is reviewing the case

14   and that Plaintiff Rosman recently had to return to the East Coast from Sacramento due to

15   unspecified medical issues is not sufficient to further delay resolution of Defendant's pending

16   motion[.]"  *Id*.  However, the Court noted that, "Plaintiff may seek reconsideration of this denial

17   of her request for extension of time if she secures counsel or an expert while this case remains

18   pending."  *Id*.

19           **II.      Analysis**

20           Summary judgment is appropriate when there "is no genuine dispute as to any material

21   fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "[A]

22   complete failure of proof concerning an essential element of the nonmoving party's case

23   necessarily renders all other facts immaterial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322

24   (1986).  The nonmoving party must produce a factual predicate from which a reasonable

25   inference of a genuine dispute may be drawn.  *See Richards v. Nielsen Freight Lines*, 602 F.

26   Supp. 1224, 1244-45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898, 902 (9th Cir. 1987).

27           The absence of a medical expert prevents Plaintiffs from proving one and likely two the

28   elements of their medical malpractice claim.  "The first element, standard of care, is the key issue

                                                        4

1    in a [medical] malpractice action and can only be proved by expert testimony, unless the

2    circumstances are such that the required conduct is within the layperson's common knowledge.

3    Proving the third element, causation, also requires competent expert testimony." *San Antonio*

4    *Regional Hospital v. Superior Court*, 102 Cal.App.5th 346 (2024) (quotations omitted).  There is

5    accordingly a complete failure of proof as to at least the third element, and likely the first

6    element, of Plaintiff's claim.

7         In opposition to Defendant's motion, Plaintiff asserts that medical experts will not work

8    with a pro se plaintiff, and that she has diligently attempted to secure substitute counsel since her

9    previous attorney's withdrawal from this matter.  ECF No. 23-2 at 3.  However, Plaintiff has now

10   had more than three months to retain an expert or obtain substitute counsel since the August 31

11   hearing on Defendant's motion.  More broadly, she has known for more than a year that her prior

12   counsel was moving to withdraw on the ground that he could not continue to prosecute the case

13   consistent with his ethical obligations.  The Court granted counsel's motion to withdraw more

14   than ten months ago.  While the Court sympathizes with the difficulty of Plaintiff Rosman's

15   situation, there is no firm prospect of Plaintiff being able to provide evidence that will show a

16   material dispute as to the elements described above.  Moreover, it is not lost on the Court that

17   Plaintiffs' prior counsel moved to withdraw *after* apparently retaining a consulting medical

18   expert.  Further delay for expert evidentiary development is unwarranted.

19        Accordingly**, IT IS HEREBY RECOMMENDED THAT**:

20        1.  Defendant's motion for summary judgment (ECF No. 20) be GRANTED; and

21        2.  This action be DISMISSED WITH PREJUDICE.

22        These findings and recommendations are submitted to the United States District Judge

23   assigned to this case, pursuant to the provisions of 28 U.S.C. section 636(b)(l).  Within fourteen

24   (14) days after being served with these findings and recommendations, Plaintiff may file written

25   objections with the court.  Such document should be captioned "Objections to Magistrate Judge's

26   Findings and Recommendations."  Local Rule 304(d).  Plaintiff is advised that failure to file

27   ////

28   ////

1    objections within the specified time may waive the right to appeal the District Court's order.

2    *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

3         SO ORDERED.

4    DATED: November 12, 2025

6         SEAN C. RIORDAN
         UNITED STATES MAGISTRATE JUDGE

6